## COURT OF APPEALS.

BEECHER, respondent, agt. CONRADT, appellant.

Where the respondent has omitted to avail himself of the neglect of the appel-
lant in procuring the *return* of the clerk within twenty days after the appeal
was perfected, until after the return has been made, and has, after the filing
of the return, noticed the cause for argument, the objection that the return
was not made in time is *waived*.

An objection that the return does not contain a copy of the notice of appeal, and
also that the printed copies of the case served do not contain a copy of the
notice of appeal, or a copy of a certificate of the clerk of the court below, that
the papers returned by him are correct copies of the judgment-roll, &c., are
omissions which this court will, on motion, allow the appellant to supply, with-
out dismissing the appeal.

Where the record shows an actual determination made at general term, although
it does not affirmatively appear that the case was brought there by *appeal*,
this court will not go behind the record to inquire whether there was a judg-
ment at special term from which an appeal had been taken, but presume that
the case was regularly at general term by appeal.

*March Term,* 1855.

THIS is a motion on the part of the respondent, to dismiss
the appeal on the following grounds:—

1. That the return by the clerk was not made within twenty
days after the appeal was perfected.

2. That the return, as made. does not contain a copy of the
notice of appeal.

3. That the printed copies of the case served by the appel-
lant do not contain a copy of the notice of appeal, or a copy of
a certificate of the clerk of the court below, that the papers
returned by him are. correct copies of the judgment-roll, &c.

4. That the judgment appealed from has never been passed
upon by the general term of the supreme court, and that no
appeal can be taken in the first instance—from said judgment
to this court.

5. That no motion for a new trial could be granted by the
supreme court upon a bill of exceptions.

The judgment from which this appeal is taken was entered in Oneida county, on the 10th of February, 1853, and is in the following words :—

" This action having been tried before Philo Gridley, one of the justices of this court, at a circuit court held in and for the county of Oneida, &c.; and the said judge having then and there rendered judgment in favor of plaintiff against the defendant for the sum of $7.50.60, with costs to be taxed; and the defendant having excepted to the ruling of the judge on said trial, and having made a bill of exceptions, and thereon moved a new trial, and this court having at the January term thereof, held at the city of Utica in the year 1853, denied said motion, *which said motion was made and argued at a general term* of this court, and the decision of the court thereupon being filed, whereby a new trial in said action is denied, now, on motion, &c., it is *ordered and adjudged, &c.*"

CHARLES A. MANN, *for respondent.*
SAMUEL BEARDSLEY, *for appellant.*

By the court—DEAN, J. As the respondent has omitted to avail himself of the neglect of the appellant's attorneys in procuring the return of the clerk within twenty days after the appeal was perfected, until after the return has been made ; and especially as he has himself, since the return was made, noticed the appeal for argument, he must be held to have waived all objection on that account.

The second and third grounds of motion are for omissions in the return and copies of the printed case, which this court would, on motion, allow the appellant to supply, and the respondent having waited two years before moving to dismiss on account of such omissions, the appellant must now have leave to perfect the return, and copies of the case already served, and without costs.

The reason for the motion, fourthly named, that the judgment appealed from has never been passed upon by the general

term, is of a nature, as it goes to the jurisdiction of this court, which can not be waived by any lapse of time.

This is an appellate court only, and has jurisdiction to review upon appeal, every actual determination made at a general term, by the supreme court, in a judgment in an action commenced therein. (§ 11 *of Code.*) This is such an action. It remains only to ascertain whether there has been an actual determination of the case made at the general term. The judgment-roll is full and explicit on this point. It says, that the motion for a new trial was made and argued at a general term of the supreme court, and that said court " ordered, adjudged," &c. This certainly must be held to be a judgment on an actual determination made at 'a general term. It is true, that the language used might imply that the decision of the supreme court was on an original motion, and not on appeal. But the appellant did not enter up the judgment, and cannot, on a motion to dismiss the appeal, be concluded by its language, unless it is so clear against him as to show that the court below had no jurisdiction in the premises. I think we are bound to presume, although it does not affirmatively appear by the record, that the case was regularly at the general term by appeal, and that we cannot go behind the record, which shows an actual determination at general term, to inquire whether there was a judgment at special term from which an appeal had been taken. The motion to effect that object should have been made in the court below, before the final judgment on the merits at general term.

The fifth ground of motion is intended to reach the question lastly discussed, viz., the want of precise and technical language in the entry of the judgment of the general term. If there was a bill of exceptions and an appeal to the general term, then the general term, on such appeal, could grant or refuse a new trial on such bill of exceptions, and from such determination an appeal to this court could be taken.

We are to presume that there was a regular appeal to the general term. At any rate the respondent cannot, on this mo-

184          NEW-YORK PRACTICE REPORTS.

tion, have the appeal dismissed for any reason stated in his notice of motion.

The motion must, therefore, be denied.   But, as the return and printed copies of the case must be amended, leave is granted to the appellant to make such amendments, without costs to either party on this motion.